## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

IN RE:

PAYROLL MANAGEMENT, INC.,               CASE NO.: 18-30298-KKS
                                        CHAPTER: 11

     Debtor.

_____/

PAYROLL MANAGEMENT, INC.,               ADV. NO.: 22-03007-KKS

     Plaintiff,

v.

FLORIDA SELF-INSURERS GUARANTY
ASSOCIATION, INC., et al.,

     Defendants.

_____/

## ORDER DENYING *MOTION TO AMEND ORDER AT DOC. 38 TO ENLARGE TIME TO FILE AMENDED COMPLAINT* (ECF NO. 41)

THIS ADVERSARY PROCEEDING is before the Court on Plaintiff's *Motion to Amend Order at Doc. 38 to Enlarge Time to File Amended Complaint* ("Motion," ECF No. 41); responses in opposition filed by Defendants FLORIDA SELF-INSURERS GUARANTY ASSOCIATION,

CMC & KKS w/SK & NK

INC. ("FSIGA")[1] and SUNZ INSURANCE COMPANY (individually, "Sunz" and collectively with FSIGA, "Defendants");[2] and Plaintiff's reply.[3] For the reasons set forth below, Plaintiff's Motion is due to be denied.

## BACKGROUND

On August 17, 2022, the Court entered an order granting Defendant FSIGA's motion to dismiss Plaintiff's initial Complaint and giving Plaintiff twenty-one (21) days to file an amended complaint (the "Dismissal Order").[4] The resulting deadline for Plaintiff to file an amended complaint was September 7, 2022. Plaintiff did not file an amended complaint by that date. Instead, Plaintiff filed the instant Motion and an Amended Complaint on September 19, 2022.[5]

In the Motion, Plaintiff requests the Court to retroactively amend the Dismissal Order to enlarge the time to file an amended complaint and

---

[1] *Response of Florida Self-Insurers Guaranty Association, Inc., in Opposition to Plaintiff's Motion to Amend Order at Doc. 38 to Enlarge Time to File Amended Complaint*, ECF No. 42 ("FSIGA's Response").

[2] *Defendant Sunz Insurance Company's (1) Motion to Dismiss Debtor's Amended Adversary Complaint, and (2) Response to Motion to Amend Order at Doc. 38 to Enlarge Time to File Amended Complaint*, ECF No. 47 ("Sunz's Response"). In the caption of its Response, Sunz incorrectly identified itself as the plaintiff; Sunz correctly identified itself as a defendant in the body of the pleading.

[3] *Reply to Response of Florida Self-Insurers Guaranty Association, Inc. in Opposition to Plaintiff's Motion to Amend Order*, ECF No. 43 ("Plaintiff's Reply").

[4] *Order Granting Motion of Florida Self-Insurers Guaranty Association, Inc., to Dismiss Complaint for Turnover, Avoidance of Transfer, and Declaratory Relief (ECF No. 14)*, ECF No. 38.

[5] *Amended Adversary Complaint*, ECF No. 40 ("Amended Complaint").

construe the filed Amended Complaint as timely filed. In support of the Motion, Plaintiff cites Bankruptcy Rule 9006(b)(1)[6] and this Court's inherent authority. In its Reply, Plaintiff urged the Court to also consider relief under Federal Rules 60(b)(1) and 60(b)(6).[7] *Inter alia,* the Motion asserts excusable neglect.

FSIGA vehemently opposes the Motion. Its argument centers on two Eleventh Circuit non-bankruptcy cases: *Automotive Alignment & Body Serv. v. State Farm* and *Hertz v. Alamo.*[8] FSIGA submits that the rulings in these cases preclude granting Plaintiff's Motion because 1) the Motion is untimely under Bankruptcy Rule 9023, and 2) the relief requested does not fall within the scope of Bankruptcy Rule 9024 or Federal Rule 60(b).[9] Defendant Sunz agrees with FSIGA's opposition to the Motion. Sunz further argues that Plaintiff's reliance on Bankruptcy Rule 9006(b)(1) is misplaced, and for that reason the Amended Complaint must be dismissed because this Court lacks subject-matter jurisdiction.[10]

---

[6] Fed. R. Bankr. P. 9006(b)(1).

[7] Fed. R. Civ. P. 60(b)(1), (6). Throughout this Order, Federal Rules of Bankruptcy Procedure will be referred to as "Bankruptcy Rule(s)," and references to the Federal Rules of Civil Procedure will be referred to as "Federal Rule(s)."

[8] *Automotive Alignment & Body Serv. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707 (11th Cir. 2020); *Hertz Corp. v. Alamo Rent-A-Car*, 16 F.3d 1126 (11th Cir. 1994).

[9] FSIGA's Response, ECF No. 42, ¶¶ 3–5. Federal Rules 59 and 60 are made applicable to bankruptcy proceedings by Bankruptcy Rules 9023 and 9024, respectively.

[10] Sunz's Response, ECF No. 47, ¶ 19.

Plaintiff counters by relying on two different Eleventh Circuit non-bankruptcy cases: *Damiano v. FDIC* and *Nisson v. Lundy*.[11] Plaintiff asserts that these cases authorize the Court to treat the Motion as one seeking relief from judgment under Federal Rules 60(b)(1) and 60(b)(6).[12] Plaintiff further argues that if the Court considers the Motion as one filed under Federal Rule 60(b), the Motion is timely under Federal Rule 60(c)(1).[13]

## DISCUSSION

### The Dismissal Order became final after Plaintiff failed to timely file an Amended Complaint.

FSIGA moved to dismiss Plaintiff's original Complaint pursuant to Federal Rule 12(b)(6); the Court granted that motion.[14] Generally, an order dismissing a complaint in an adversary proceeding pursuant to Federal Rule 12(b)(6) "is a final judgment . . . because it is an 'order from which an appeal lies.'"[15]

---

[11] *Damiano v. FDIC*, 104 F.3d 328 (11th Cir. 1997); *Nisson v. Lundy*, 975 F.2d 802 (11th Cir. 1992).

[12] Plaintiff's Reply, ECF No. 43, ¶¶ 2–5; also citing Bankruptcy Rule 9024.

[13] *Id.*

[14] Dismissal Order, ECF No. 38.

[15] *Drake v. Sea Island Bank (In re Collins)*, 489 B.R. 917, 921–22 (Bankr. S.D. Ga. 2012) (quoting Fed. R. Civ. P. 54) (holding that "[d]ismissal of Debtor's adversary proceeding was a judgment on the merits because it was a dismissal pursuant to Rule 12(b)(6)."). *See also Davis v. Davis*, 551 F. App'x 991, 994 (11th Cir. 2014) ("[A]n order dismissing a claim under Rule 12(b)(6) is a final judgment on the merits for purposes of *res judicata*."). Federal Rule 54 is incorporated into adversary proceedings by Bankruptcy Rule 7054. Fed. R. Bankr. P. 7054.

A court may dismiss a complaint and specify a stated period within which the plaintiff may file an amended complaint.[16] That is precisely what this Court did in the instant action. In the Eleventh Circuit, "[i]f the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period."[17]

In *Hertz v. Alamo*, the Eleventh Circuit found that the district court erred in granting a motion to amend a judgment of dismissal after the specified time for filing an amended complaint had passed.[18] In *Automotive Alignment*, also a case involving complaints filed after the deadline in the dismissal order, the Eleventh Circuit stated: "*Hertz* establishes that an order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension."[19] As here, the dismissal orders in *Hertz* and *Automotive Alignment* were

---

[16] *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986).

[17] *Id. See also Bautista v. Midfirst Bank (In re Bautista)*, 235 B.R. 678, 680 (Bankr. M.D. Fla. 1999) ("It is well settled in the Eleventh Circuit that an order dismissing a complaint with leave to amend within a specified time period becomes final when the time period allowed for amendment expires." (citing *Hertz*, 16 F.3d at 1132; *United States v. Garcia*, 844 F.2d 1528, 1531 (11th Cir. 1988); *Schuurman v. Motor Vessel Betty K V*, 798 F.2d at 445)).

[18] 16 F.3d at 1128.

[19] *Automotive Alignment*, 953 F.3d at 720 (citing *Hertz*, 16 F.3d at 1132–33).

based on Federal Rule 12(b)(6). In both cases, the Eleventh Circuit found that the dismissal order transformed into a final judgment upon the expiration of the deadline to file an amended complaint.[20] This Court is not prepared to reach a different conclusion.

### Because the Dismissal Order is final, the Court is without inherent authority to amend that order.

Defendants assert that the Court lost its pre-judgment authority to extend the time for Plaintiff to file an amended complaint once the Dismissal Order became final. Plaintiff urges that the Court may amend the Dismissal Order using its inherent authority. The Court agrees with Defendants.

A court's inherent authority to amend its orders is limited to non-final, interlocutory orders rendered prior to final judgment.[21] In *Automotive Alignment,* the Eleventh Circuit concluded that "when the order becomes a final judgment, the [trial] court loses 'all its prejudgment

---

[20] *Hertz*, 16 F.3d at 1132–33; *Automotive Alignment*, 953 F.3d at 720.

[21] *See Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995) (holding that district court had "plenary power" over an interlocutory order and could therefore "reconsider, revise, alter or amend" that order at any time before final judgment (citations omitted)); *see also In re Energy Future Holdings Corp.*, 904 F.3d 298, 307–08 (3d Cir. 2018) ("bankruptcy courts, like any other federal court, possess inherent authority . . . to reconsider prior interlocutory orders at any point during which the litigation continues, as long as the court retains jurisdiction over the case," but "[i]f, on the other hand, the [order] was final, [the] motion would be subject to the time restrictions of [Federal Rule] 60." (citations omitted)).

powers to grant any more extensions' of time to amend the complaint."[22] Under the facts before this Court and Eleventh Circuit precedent, this Court may not properly use its inherent authority to amend the Dismissal Order.

## Bankruptcy Rule 9006(b)(1) does not allow a court to extend the time for a party to act after an order becomes final.

Plaintiff originally filed the Motion pursuant to Bankruptcy Rule 9006(b)(1).[23] Bankruptcy Rule 9006(b) governs enlargement of time under the Bankruptcy Rules.[24] Under Bankruptcy Rule 9006(b)(1), if a motion is made after the expiration of a specified period, as was the Motion in this case, the Court may only enlarge the time "where the failure to act was the result of excusable neglect."[25] But subsection (2) of Bankruptcy Rule 9006(b) prohibits a court from enlarging the time for taking action under Bankruptcy Rules 9023 and 9024;[26] similarly, Federal Rule 6(b)(2) prohibits enlarging the time to act under Federal

---

[22] *Id.* (citing *Hertz*, 16 F.3d at 1133).
[23] Motion, ECF No. 41, ¶ 6.
[24] *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 n.4 (1993) ("The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted.").
[25] Fed. R. Bankr. P. 9006(b)(1).
[26] Fed. R. Bankr. P. 9006(b)(2).

Rules 59(e) and 60(b).[27]

FSIGA and Sunz urge this Court to apply the Eleventh Circuit's analysis of Federal Rule 6(b)(1)(B) in *Automotive Alignment* to hold that the Motion is improper under Bankruptcy Rule 9006(b)(1).[28] None of the parties cite, nor has the Court located, a decision by a bankruptcy court that addresses this exact issue. But other courts and the drafters of the Bankruptcy Rules recognize that Bankruptcy Rule 9006(a) is adapted from Federal Rule 6(a), and Bankruptcy Rule 9006(b) is "patterned after" Federal Rule 6(b).[29] For that reason, this Court, as the Eleventh Circuit did in *Automotive Alignment,* will discuss the issue based on Federal Rule 6(b).

In *Automotive Alignment,* the district court allowed amended complaints filed after the deadline specified in its dismissal order based on excusable neglect, using Federal Rule 6(b)(1)(B). The Eleventh Circuit

---

[27] Fed. R. Civ. P. 6(b)(2). Federal Rule 6(b)(2) also prohibits enlarging the time to act under Federal Rules 50(b) and (d), 52(b) and 59(b) and (d), but none of those rules are material to the instant ruling.

[28] FSIGA's Response, ECF No. 42, ¶¶ 3–5; Sunz's Response, ECF No. 47, ¶ 19.

[29] *See* Fed. R. Bankr. P. 9006(a) advisory committee's note to 1991 amendment. *See also, e.g., In re Miller,* 59 B.R. 572, 573 (Bankr. E.D.N.Y. 1986) ("[The] attorney argued that he failed to file his notice because he thought that Federal Rule of Civil Procedure 6(a) governed computation of time, not Bankruptcy Rule 9006(a). The argument is nonsense. FRCP 6(a) and Bankruptcy Rule 9006(a) are virtually identical. The Advisory Committee Note to Bankruptcy Rule 9006 states, in fact, that part (a) is adapted from FRCP 6. In short, it wouldn't have made any difference to the computation of time if [the] lawyer had computed his time using FRCP 6(a).").

reversed. After ruling that the orders dismissing the amended complaints became "final judgments" when the plaintiffs missed their deadline to amend, the Eleventh Circuit explained that Federal "Rule 6(b)(1)(B) does not allow a [trial] court to extend the time for a party to act after it has entered a final judgment."[30] As the Eleventh Circuit also made clear in *Automotive Alignment*, Federal Rule 6(b)(1)(B) cannot be used to circumvent the specific time limits of Federal Rules 59(e) and 60(b) that exist to protect the finality of judgments.[31] Because of the similarities of Bankruptcy Rule 9006(b) and Federal Rule 60(b), *Automotive Alignment* dictates the conclusion that Bankruptcy Rule 9006(b)(1) does not permit amendment of the Dismissal Order.[32]

---

[30] *Automotive Alignment*, 953 F.3d at 720 (citing *Hertz*, 16 F.3d at 1126).

[31] *Id.* The Eleventh Circuit emphasized that if it "read Rule 6(b)(1)(B) to apply postjudgment, a plaintiff could seek a postjudgment extension of time to amend its complaint based on excusable neglect at *any time* after the entry of judgment;" and "[t]hat reading would turn the time limits for seeking relief from a final judgment in Rules 59 and 60 into surplusage." *Id.* (citation omitted). The Eleventh Circuit also pointed out that a motion under Federal Rule 6(b)(1)(B) is not on the list of postjudgment motions in Federal Appellate Rule 4(a)(4)(A): "Federal Rule of Appellate Procedure 4(a) contains an exhaustive list of the postjudgment motions available to litigants under the Federal Rules of Civil Procedure, but it omits motions under Rule 6(b)(1)(B) from the list. That omission is best explained by concluding that Rule 6(b)(1)(B) does not apply postjudgment." *Id.* at 720. Derived from Federal Appellate Rule 4(a)(4)(A), Bankruptcy Rule 8002(b)(1) likewise omits Bankruptcy Rule 9006(b)(1) from the list of post-judgment motions. *See* Fed. R. Bankr. P. 8002(b)(1); *see also* Fed. R. Bankr. P. 8002 advisory committee's note to 2014 amendment.

[32] Neither Federal Rule 6(b)(1)(B) nor Bankruptcy Rule 9006(b)(1) use the word "judgment," nor do they impose a time limit for seeking a post-expiration extension of time based on excusable neglect.

## If the Motion is deemed filed under Bankruptcy Rule 9023 (Federal Rule 59(e)), it was filed too late.

In the alternative, Plaintiff requests the Court to consider its Motion as one to alter or amend the judgment, pursuant to Bankruptcy Rule 9023, which for the most part adopts Federal Rule 59. Although Federal Rule 59(e) permits twenty-eight (28) days within which to file such motions, Bankruptcy Rule 9023 specifically limits the time for filing a motion to alter or amend a judgment to "no later than 14 days after entry of judgment."[33] Plaintiff filed the Motion thirty-three (33) days after entry of the Dismissal Order, so the Motion is untimely under Bankruptcy Rule 9023.[34]

## The Court may, but is not mandated to, construe the Motion under Bankruptcy Rule 9024 (Federal Rule 60(b)).

Recognizing that under Bankruptcy Rule 9023 the Motion was filed too late, in its Reply Plaintiff asks the Court to consider the Motion under Federal Rule 60(b), specifically Federal Rules 60(b)(1) and 60(b)(6),

---

[33] Fed. R. Bankr. P. 9023 ("Except as provided in this rule and [Bankruptcy] Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the [Bankruptcy] Code.")

[34] *See also Hertz*, 16 F.3d at 1129 ("an untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction."); *Dep't of Revenue v. Brandt (In re Se. Bank Corp.)*, 97 F.3d 476, 478 (11th Cir. 1996) (holding that the bankruptcy court was without jurisdiction to grant trustee's untimely motion for rehearing).

applicable here via Bankruptcy Rule 9024.[35] To support this argument, Plaintiff cites *Damiano* and *Nisson*.[36] But those cases are inapposite. Neither *Damiano* nor *Nisson* involve the situation here, where a party seeks relief from a dismissal order's deadline to file an amended complaint.

The *Damiano* court referenced Federal Rule 60(b) only to explain some of the procedural history of the case. Before *Damiano* arrived at the Eleventh Circuit, the plaintiff had failed to respond to a motion to dismiss, so the district court dismissed the action without prejudice.[37] The plaintiff filed a motion for reconsideration and to reinstate the action after the deadline for a Federal Rule 59(e) motion had expired; the district court granted the motion.[38] The defendant argued on appeal that the plaintiff's motion for reconsideration was untimely under Federal Rule 59(e) and should have been denied.[39] The Eleventh Circuit disposed

---

[35] Plaintiff initially references and cites Federal Rule 60(b)(6), but later suggests the Motion be considered under both Federal Rules 60(b)(1) and 60(b)(6). Plaintiff's Reply, ECF No. 43, ¶¶ 2,5. Bankruptcy Rule 9024, as applicable here, incorporates Federal Rule 60. There is a one-year limit for a motion under Federal Rule 60(b)(1), but there is no strict time limitation for a motion under Federal Rule 60(b)(6). *See* Fed. R. Bankr. P. 9024.

[36] *Damiano v. FDIC*, 104 F.3d 328 (11th Cir. 1997); *Nisson v. Lundy*, 975 F.2d 802 (11th Cir. 1992).

[37] *Damiano*, 104 F.3d at 332.

[38] *Id.*

[39] *Damiano*, 104 F.3d at 332 n.4.

of the defendant's attack on that ruling in a footnote. In short, the Eleventh Circuit held that the district court "could have treated" the motion as one under Federal Rule 60(b)(6) because the basis for relief from the judgment was "in the interest of justice," and the district court had "accepted" plaintiff's explanation for failing to respond to the motion to dismiss.[40]

In *Nisson,* the trial court had entered a judgment for the plaintiff in the amount of $348,114 for lost profits.[41] Outside the time for filing a Federal Rule 52(b) motion,[42] but within time for filing an appeal, the defendant moved to amend the damage award.[43] The district court treated the motion as one for relief from judgment under Federal Rule 60(b), granted the motion, and reduced the damages to $29,009.50 to conform to the evidence.[44] The plaintiff appealed, arguing that the district court should not have considered the motion as timely under

---

[40] In its discussion, the Eleventh Circuit was careful to emphasize that the relief from judgment of dismissal the plaintiff was seeking in *Damiano* was not the same as the relief the Court denied in *Hertz,* in which the party was seeking to "*amend* a judgment of dismissal without prejudice to a dismissal with prejudice*." Id.* (emphasis in original).

[41] *Nisson,* 975 F.2d at 805.

[42] A Federal Rule 52(b) motion is a motion for amended or additional findings after entry of a judgment in an action tried on the facts. Fed. R. Civ. P. 52(b).

[43] *Nisson,* 975 F.2d at 805.

[44] *Id.* at 805–06.

Federal Rule 60(b).[45] The Eleventh Circuit found that the district court did not abuse its discretion by treating the motion as timely under Federal Rule 60(b) because the goal was to correct an error made by the court, not an error made by a party, stating: "[m]istakes of judges may be amended under this provision [60(b)]."[46]

*Damiano* and *Nisson* support the general proposition that under certain circumstances a court *may* construe a motion as one asking for relief under Federal Rule 60(b) when the motion does not specifically reference that rule. But neither *Damiano* nor *Nisson*, nor any other cases cited by the parties, *require* a court to do so.[47] Further, a court may treat a motion like Plaintiff's, that is untimely under Federal Rule 59(e), as a Federal Rule 60(b) motion only if the grounds stated would be a basis for relief under Federal Rule 60(b).[48]

---

[45] *Id.* at 806.

[46] *Id.* (alteration in original); *see also id.* ("This court has held that calculation of damages involves essentially a factual determination correctable when found to be 'clearly erroneous.'" (citing *Hiatt v. United States*, 910 F.2d 737, 742 (11th Cir. 1990); *Meader v. United States*, 881 F.2d 1056, 1060 (11th Cir. 1980))).

[47] *See McCool v. Bridgestone/Firestone N. Am. Tire, Inc.*, 222 F. App'x 847, 857 (11th Cir. 2007) ("Although these rules give a [trial] court the discretion to accept an untimely filing when excusable neglect is shown, they do not *require* a [trial] court to do so." citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 896 n.5 (1990) (explaining that Federal Rule 6(b) confers discretion on the district court to permit untimely filings, but does not compel the district court to accept them). *See also DeForest v. Johnny Chisholm Glob. Events, LLC*, Case No. 3:08cv498/MCR/EMT, 2010 WL 1792094, at *5 (N.D. Fla. May 4, 2010), *report and recommendation adopted,* 2010 WL 2278356 (N.D. Fla. June 4, 2010).

[48] *Nisson*, 975 F.2d at 806 (citations omitted).

### Plaintiff does not allege sufficient excusable neglect under Bankruptcy Rule 9006(b)(1) or Federal Rule 60(b)(1).

Under the rules on which Plaintiff relies, Bankruptcy Rule 9006(b)(1) and Federal Rule 60(b)(1), "excusable neglect" is the only basis for relief after the deadline to act has expired.[49] But Plaintiff has not alleged or demonstrated excusable neglect sufficient to meet the standard set by the Supreme Court in the seminal case of *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship* ("*Pioneer*"),[50] so the Motion must still be denied.

### Excusable neglect analysis under *Pioneer*.

In *Pioneer,* the Supreme Court identified four factors pertinent to the excusable neglect analysis: "[1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[51]

---

[49] Bankruptcy Rule 9006(b)(1) provides that if a motion for more time to act pursuant to a deadline set by court order, and the motion is filed after the deadline to act has expired, the court may grant the motion "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). Federal Rule 60(b)(1) permits a court to grant a party relief from an order or judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

[50] *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

[51] *Id.* at 395. The excusable neglect analysis articulated in *Pioneer* for Bankruptcy Rule

14

### 1. The first *Pioneer* factor: the danger of prejudice to Defendants.

The danger of prejudice to the Defendants, especially FSIGA, is great. Plaintiff filed its Chapter 11 case on March 27, 2018, more than four and a half (4.5) years ago. Plaintiff has yet to file a confirmable Chapter 11 plan, in part because Plaintiff asserts that it needs to finalize the instant adversary proceeding before doing so.[52] Although in the instant action Plaintiff bases its claims on events that occurred in November of 2017,[53] Plaintiff did not file its initial complaint commencing this adversary proceeding until March 8, 2022.[54] Granting the Motion would require the Defendants to, essentially, begin defense of this action from the beginning, thus incurring additional time, costs and attorneys' fees. As Sunz points out, that would significantly delay this adversary proceeding and the entire Chapter 11 case to the detriment of Defendants and Plaintiff's other creditors.[55]

---

9006(b)(1) is the same standard for Federal Rule 60(b). *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996).

[52] *See Debtors' Motion for for [sic] an Order (i) Conditionally Approving Disclosure Statement; (ii) Authorizing a Combined Hearing on Final Approval of Disclosure Statement and Confirmation of the Plan; (iii) Continuing Confirmation Hearing and (iv) Setting Interim Status Conference, In re Payroll Mgmt., Inc.*, Case No. 18-30298-KKS (Bankr. N.D. Fla. Sept. 20, 2022), ECF No. 308, ¶¶ 6–7.

[53] *See Adversary Complaint*, ECF No. 1, ¶¶ 23–24.

[54] *Id.*

[55] Sunz's Response, ECF No. 47, ¶ 27. Sunz also alleges that "there is no equity in the property sought to be recovered" in this adversary proceeding and thus there will be no benefit to unsecured creditors if the Court grants the Motion and allows Plaintiff to continue this

### 2. The second *Pioneer* factor: the length of the delay and its potential impact on judicial proceedings.

While the delay in filing the Motion was not substantial on its own, when viewed in context, the additional delay caused by granting the Motion would have a significant impact on judicial proceedings for the same reasons as articulated above. Plaintiff inexplicably delayed filing this adversary proceeding for over three years after it filed its Chapter 11 petition. The Court granted FSIGA's motion to dismiss this adversary proceeding in August, and we are now in December of 2022. Granting the Motion will inevitably delay this adversary proceeding, and Plaintiff's Chapter 11 case for months, if not longer. Such delay would unquestionably be detrimental to all parties other than Plaintiff.

### 3. The third *Pioneer* factor: the reason for the delay, including whether it was within the reasonable control of Plaintiff.

As excusable neglect, Plaintiff asserts that a former partner, Teresa Dorr, left the firm. In *Pioneer*, the Supreme Court rejected a similar argument.[56] Further, in the instant adversary proceeding, Ms. Dorr never entered an appearance as counsel of record or signed any of

---

litigation *Id.* at ¶ 1. Based on the record in another adversary proceeding related to this case, this allegation appears true. *See generally Sunz Ins. Co. v. Payroll Mgmt., Inc. (In re Payroll Mgmt., Inc.)*, Adv. No. 19-03005-KKS (Bankr. N.D. Fla.).

[56] 507 U.S. at 398.

Plaintiff's pleadings. While Ms. Dorr was counsel to Plaintiff (the Debtor) in the administrative Chapter 11 case, she withdrew as counsel in that case a full five (5) months before this Court entered the Dismissal Order.[57]

A party is accountable for the actions, or inaction, of its counsel.[58] In the Eleventh Circuit, an attorney's error or general negligence does not constitute excusable neglect under Federal Rule 60(b)(1).[59] This is especially true where, like here, the order setting the deadline for action is clear and unambiguous.[60]

---

[57] *See Motion for Leave to Withdraw as Counsel, In re Payroll Mgmt., Inc.*, Case No. 18-30298-KKS (Bankr. N.D. Fla. Mar. 16, 2022), ECF No. 289.

[58] *See Pioneer*, 507 U.S. at 396–97 ("clients must be held accountable for the acts and omissions of their attorneys. . . . each party is deemed bound by the acts of his lawyer-agent"). *See also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (holding that the adverse impact of counsel's "oversight" on innocent clients was not excusable neglect).

[59] *Lender v. Unum Life Ins. Co. of Am., Inc.*, 519 F. Supp. 2d 1217, 1230 (M.D. Fla. 2007) (citing *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd.*, 920 F.2d 788, 792 (11th Cir. 1991); *Ake v. Mini Vacations, Inc.*, 174 F.R.D. 110, 112 (M.D. Fla. 1997)). *See also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) ("This Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error."); *Solaroll Shade*, 803 F.2d at 1132 ("an attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation").

[60] *See Sibson v. Midland Mortg. Co. (In re Sibson)*, 235 B.R. 672 (Bankr. M.D. Fla. 1999); *Bautista*, 235 B.R. 678. *See also In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 123 (Bankr. S.D.N.Y. 2010) ("a failure to comply with the requirements of a clear order absent unique or extraordinary circumstances will not give rise to a finding of excusable neglect."); *Mayfield v. Morris*, Case No. 17-0891 MV/SMV, 2020 WL 3832962, at *4 (D.N.M. July 8, 2020) ("If a deadline appears in an accessible, clear order, counsel's negligence in meeting it often weighs against relieving a party from a judgment.").

As additional excusable neglect, Plaintiff avows that its current counsel had medical issues. The Court is not unsympathetic, nor does it question Plaintiff's representations as to its counsel's medical issues.[61] Nonetheless, Plaintiff has not alleged or offered evidence that its counsel attempted to notify the Court or opposing counsel of any illness before the deadline expired, or at any time prior to filing the Motion. In similar instances, courts have denied relief.[62] Courts have also held that illness alone is not a sufficient basis for setting aside a judgment under Federal Rule 60(b)(1).[63]

In short, the delay in filing the Motion was within Plaintiff's

---

[61] Plaintiff's counsel, Ms. Revell, regularly appears before this Court and exemplifies professionalism and competence.

[62] *Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 5 (1st Cir. 2014) (citation omitted). *See also Carcello v. TJX Cos.*, 192 F.R.D. 61, 64 (D. Conn. 2000) (holding that illness alone was insufficient where attorney "failed to communicate with either opposing counsel or the court to apprise them of the serious nature of his medical condition he now claims to be the reason for his misfeasance"); *Adeleke v. Gelman (In re Adeleke)*, Case No. 09-16347-BKC-AJC, 2012 WL 2953195, at *3 (Bankr. S.D. Fla. July 19, 2012) (counsel "made no effort in [the] case to inform anyone that she would be unable to attend the hearing on her motion or to file the necessary motions to preserve her rights arising from the Court's orders").

[63] *Carcello*, 192 F.R.D. at 64 (citing *Andree v. Ctr. for Alt. Sent'g & Emp. Servs., Inc.*, Case No. 92-Civ-616(TPG), 1993 WL 362394, at *2–3 (S.D.N.Y. Sept. 14, 1993)); *accord Lender*, 519 F. Supp. 2d at 1230; *Abbey v. Mercedes-Benz of N. Am., Inc.*, Case No. 04-80136-CIV, 2007 WL 879581, at *1 (S.D. Fla. Mar. 20, 2007). *See also Lehr Constr. Corp. v. Flaxer*, Case No. 16-cv-4048 (AJN), 2017 WL 464428, at *4 (S.D.N.Y. Feb. 2, 2017) ("While courts will occasionally rely on the illness or disability of a party or attorney when finding excusable neglect, these cases [either] involve extraordinary circumstances, such as a sudden, unexpected, or catastrophic illness, or the party has pointed to specific facts and circumstances demonstrating why the illness or disability caused them to miss the original deadline." (citation and footnote omitted)).

reasonable control. The departure of a partner from Plaintiff's attorneys' firm more than five (5) months before entry of the Dismissal Order should not have affected Plaintiff's ability to comply with a court-ordered deadline. Assuming as true Plaintiff's counsel's medical issues as alleged in the Motion, nothing before the Court suggests that those issues were so grave or sudden that counsel was completely incapacitated. Further, Plaintiff has offered no reason that someone other than Ms. Revell did not request, verbally or in writing, an extension of time before the deadline expired.

Missing a filing deadline can lead to seemingly harsh results. But deadlines established by the applicable rules of procedure, whether bankruptcy or federal, must govern. In *Rosenberg v. DVI Receivables*, the defendants missed the fourteen (14) day deadline to file a Federal Rule 50(b) motion in a bankruptcy matter tried before the district court.[64] The district court held that the 28-day period for filing the Federal Rule 50(b) motion applied, so the motion was timely.[65] The Eleventh Circuit reversed.[66] In so doing, that court stated:

---

[64] *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283 (11th Cir. 2016).
[65] *Id.* at 1285.
[66] *Id.*

While it is true that application of the rule in this case will prevent the district court from ruling on the merits of the defendants' Rule 50(b) motion, the same could be said any time a party files a motion outside of the timeframe supplied by a rule of procedure. But as we see it, it is the consistent application of these deadlines—not their ad hoc abandonment—that actually promotes the "just, speedy, and inexpensive determination" of cases.[67]

In *Audalus v. Scottsdale Ins. Co.*, the plaintiffs failed to respond to orders to show cause and belatedly responded to the defendant's motion for summary judgment.[68] As a result, the district court entered summary judgment in favor of the defendant.[69] The plaintiffs sought relief from that judgment on the basis of excusable neglect: they claimed that the attorney and paralegal originally assigned to the case had left the firm, and the replacement paralegal had been out of the office "several times" because of health-related issues.[70] Noting that the newer paralegal had been working on the case for quite some time, the court denied plaintiff's motion, holding that plaintiff's counsel's conduct did not rise to the level

---

[67] *Id.* at 1290. In a subsequent case, the Eleventh Circuit held that the plaintiff's attorneys in *Rosenberg* were not entitled to an extension of time to file their Federal Rule 50(b) motion under Bankruptcy Rule 9006(b)(1). Plaintiff's attorneys' mistaken belief that the Federal Rules of Civil Procedure, rather than the Bankruptcy Rules, applied did not amount to excusable neglect. *Rosenberg v. DVI Receivables XIV, LLC (In re Rosenberg)*, 724 F. App'x 882, 884–85 (11th Cir. 2018).

[68] *Audalus v. Scottsdale Ins. Co.*, 566 F. Supp. 3d 1318 (S.D. Fla. 2021).

[69] *Id.* at 1320.

[70] *Id.* at 1322.

of excusable neglect.[71] The result was that the summary judgment for the defendant remained intact.[72]

Here, Plaintiff missed the deadline for filing an amended complaint, set forth clearly in the Dismissal Order. Caselaw dictates that Plaintiff's Motion, seeking to retroactively extend the time to file its amended complaint based on excusable neglect, should be denied. Denial of the Motion will result in this Court not ruling on the merits of the amended complaint. But under Eleventh Circuit precedent, that is the harsh, yet apt result.

### 4.  The fourth *Pioneer* factor: whether Plaintiff acted in good faith.

The parties have not specifically addressed whether Plaintiff acted in good faith by filing the Motion.[73] Regardless, the other factors are more significant and weigh against a finding of excusable neglect.[74]

---

[71] *Id.* at 1323.

[72] *Id.* at 1324.

[73] Arguably, Plaintiff's delay in filing the instant adversary proceeding is an indication of not proceeding in good faith.

[74] *See, e.g., Goncalves v. Sec'y, Dep't of Corr.,* 745 F. App'x 151, 152 (11th Cir. 2018) (holding that the prejudice to the nonmoving parties and the impact on the administration of justice are the two *Pioneer* factors the Eleventh Circuit has "recognized as having primary importance in the analysis" (citing *Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1201 (11th Cir. 1999)).

## Relief cannot be granted under Federal Rule 60(b)(6).

Plaintiff's request, in its Reply, to consider the Motion under Federal Rule 60(b)(6) must also be denied. First, a court may not grant relief under Federal Rule 60(b)(6) for any reason for which the court may consider relief under Rule 60(b)(1).[75] Second, Federal Rule 60(b)(6) is not the proper vehicle for amending a time limit in a final order.[76] Federal Rule 60(b)(6) is reserved for instances of genuine injustice and does not permit a party or a judge to circumvent the clear commands of other applicable rules of procedure.[77] Even if Plaintiff's Motion could be considered under Federal Rule 60(b)(6), Plaintiff has not alleged or demonstrated any basis for relief sufficient to justify granting the Motion under Federal Rule 60(b)(6).[78]

## CONCLUSION

Eleventh Circuit precedent is clear: the Dismissal Order became final and appealable when the order's deadline to file an amended

---

[75] *See Solaroll Shade*, 803 F.2d at 1133 ("60(b)(1) and (b)(6) are mutually exclusive" (citing *Hall v. Alabama,* 700 F.2d 1333, 1338 (11th Cir. 1983), *cert. denied,* 464 U.S. 859 (1983))).

[76] *See SEC v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007) (an "attempt to make attorney negligence an extraordinary circumstance warranting relief under Rule 60(b)(6) is foreclosed by precedent. In *Solaroll Shade*, [the Eleventh Circuit] held that claims of attorney error must be made under the more specific Rule 60(b)(1), rather than under the 'residual equitable authority' contained in Rule 60(b)(6)." (citing *Solaroll Shade*, F.2d at 1133)).

[77] *Hertz*, 16 F.3d at 1128.

[78] *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (discussing that relief under Federal Rule 60(b)(6) requires a showing of "extraordinary circumstances").

complaint expired. Neither this Court's inherent authority nor Bankruptcy Rule 9006(b)(1) provide support for the relief Plaintiff requests. The Motion is untimely under Bankruptcy Rule 9023, and Plaintiff has not demonstrated adequate "excusable neglect" to support granting the Motion under Bankruptcy Rule 9024.

For the reasons stated, it is

ORDERED:

1. Plaintiff's *Motion to Amend Order at Doc. 38 to Enlarge Time to File Amended Complaint* (ECF No. 41) is DENIED.

2. The *Amended Adversary Complaint* (ECF No. 40) is STRICKEN as untimely.

3. Any other motions pending in this adversary proceeding are DENIED as moot.

4. Upon the instant Order becoming final, the Clerk is authorized to close this adversary proceeding.

DONE and ORDERED on ___December 5, 2022___.

KAREN K. SPECIE
Chief U. S. Bankruptcy Judge

cc: all parties in interest.